JOHN REGIER V. CRAVER, STEELE & AUSTIN AND SKANDIA PLOW COMPANY.

FILED APRIL 8, 1898.   No. 7996.

1. **Factors and Brokers: SALES.** A sale, by a factor, of goods of his principal as his own and for his own sole benefit confers no title upon the vendee, as against the rights of the real owner.

2. **Conditional Sales: RIGHTS OF SUBSEQUENT PURCHASER.** A conditional vendor of goods, within the purview of section 26, chapter 32, Compiled Statutes, when there has been no compliance with the requirements of said section as to recording the conditional agreement, does not retain such an interest in the subject of said agreement that he can maintain replevin against one who, without knowledge of such conditions, has purchased the goods from the conditional vendee, as such, in possession thereof.

ERROR from the district court of York county. Tried below before BATES, J. *Reversed in part.*

*George B. France,* for plaintiff in error.

*C. P. Halligan, contra.*

RYAN, C.

In the record of this case we find that the partnership firm of Craver, Steele & Austin filed a petition in the district court of York county whereby it claimed the possession, as against John Regier, of a certain spring wagon and an extension rubber top, the possession of which, as plaintiff alleged, the said defendant wrongfully detained from it. To this petition, by answer, there was a general denial. At some time not disclosed it seems that the Skandia Plow Company, a corporation, filed its petition in the same court claiming the right to

recover the possession of three plows and a lister drill, wrongfully withheld, as it alleged, by the said John Regier. These causes seem to have been consolidated, or, perhaps, they were tried as though the same questions were involved in both. There was a separate verdict in each instance in favor of plaintiff, and Regier presents for review by his petition in error the judgments based thereon.

The foundation of the claim made by Craver, Steele & Austin was a written contract entered into on August 27, 1891, between itself and Gerhard Regier for sales, on commission, of wagons and buggies to be consigned from the former to the latter. While Gerhard Regier, for the purposes above indicated, was in possession of the property afterwards replevied, he transferred it, as his own, to his brother, John Regier. The plows, the corn planter and drill, came into the possession of Gerhard Regier in compliance with his written order to the Skandia Plow Company of date January 9, 1891. This order was on a printed form, except as to certain dates and the rate of discount on goods other than those where net prices were named. In this order the prices were stated to be at list prices thereto annexed, less a discount of twenty-five per cent on repairs and extras and thirty-five per cent on all other goods where net prices were named. These prices were payable by notes due not later than October 1, 1891. All other goods sold for spring trade were payable by notes due July 1, 1891. Goods sold for fall trade were payable by notes due November 1, 1891. These notes were to be given on receipt of goods, payable to the order of the Skandia Plow Company, with exchange on Chicago or New York. There were other provisions embraced in the order which need not be specially noticed, for they tend only to show further that there was no bailment but rather a sale of the goods ordered. This order contained the following provision: "It is also expressly agreed that the right and ownership on all goods shipped under this contract, or their pro-

ceeds, shall be vested in the seller and subject to its order until full payment shall be made for said goods."

The plaintiff in each case predicated his right to maintain a replevin action on a written contract made with Gerhard Regier. In each instance Gerhard Regier had obtained possession in pursuance of the terms of a written contract, and while so in possession had attempted to transfer the title, and had transferred possession, to John Regier. There was no contradiction of the testimony of John Regier that he purchased and paid for the replevied goods without any knowledge of the contract between either plaintiff and Gerhard Regier. There were introduced in evidence five chattel mortgages made by John Regier, dated respectively between July 20, 1890, and November 16, 1891. Of these, three were shown by his undisputed testimony to have been paid though not satisfied of record at the time of the trial. There was shown to have been some disagreement as to what was due on the claim secured by another of these mortgages; and as to the fifth, given by Isaac and John Regier, the latter testified without contradiction that it was a matter to be paid by Isaac Regier. The consideration paid to Gerhard Regier by John Regier, according to the testimony of the latter, was $536 in cash and $1,000 by his own note. If these actions had been brought on by reason of a levy of process procured to be issued and levied on the property in dispute for the collection of the debt owing from Gerhard Regier to plaintiffs, the evidence as to the existence of chattel mortgages made by John Regier might have had a much more direct bearing than in these cases. Each of the present actions was brought by a plaintiff for the recovery of the possession of certain described property of which it claimed to be the owner. Of the contracts, that to which Craver, Steele & Austin was a party was, in so far as the facts of this case herein involved are concerned, a contract of employment. In it Gerhard Regier was described as an agent of Craver, Steele & Austin, and his duties as such agent were to

care for and sell the goods as those of Craver, Steele & Austin, and, for these services he was entitled to a specific commission on such sales as might be made by him. The contract between Gerhard Regier and the Skandia Plow Company we have already described, and it evidences a conditional sale within the provisions of section 26, chapter 32, Compiled Statutes. The provisions of the said section to which we specially refer are as follows: "That no sale, contract, or lease, wherein the transfer of title or ownership of personal property is made to depend upon any condition, shall be valid against any purchaser * * * of the vendee * * * in actual possession, obtained in pursuance of such sale, * * * without notice, unless the same be in writing, signed by the vendee, * * * and a copy thereof filed in the office of the clerk of the county within which such vendee * * * resides; said copy shall have attached thereto an affidavit of such vendor * * * or his agent or attorney, which shall set forth the names of the vendor and vendee * * * or description of the property transferred and the full and true interest of the vendor * * * therein."

The tests to be applied in determining whether a contract is one of mere bailment or is a conditional sale within the purview of the above quoted language were very fully considered in *McClelland v. Scroggin*, 35 Neb. 536. The same subject was again under consideration in *National Cordage Co. v. Sims*, 44 Neb. 148, and, guided by the principles laid down in these two cases, we reach the conclusion that the contract with the Skandia Plow Company was a conditional sale, while that with Craver, Steele & Austin disclosed a mere bailment. In the latter case therefore the sale to John Regier failed to vest him with a title paramount to the rights of Craver, Steele & Austin. The judgment in favor of that firm could not have been other than it was, and accordingly it is affirmed. If the Skandia Plow Company's attitude as a litigant had been that of a creditor of Gerhard Regier,

seeking by appropriate process against his property to enforce collection of a debt due from him, we should feel disinclined to interfere with the verdict of a jury on a question of fraud, even though the evidence on which such jury acted might seem somewhat less than satisfactory to us. But in this case the Skandia Plow Company founded its rights upon an agreement of a class, with respect to which, to be valid, the statute required the performance of certain conditions. None of these conditions have ever been complied with, and the testimony of John Regier shows, without contradiction, that he purchased the property in dispute from his brother, who was in possession thereof by virtue of a conditional sale to him by the Skandia Plow Company, and that he then knew nothing of the said conditional contract. In such case the statute provided that such a contract as that between that company and Gerhard Regier should not be valid. The Skandia Plow Company could predicate no rights, as against John Regier, upon its written conditional contract with his brother, and the verdict of the jury in its favor was, therefore, unsupported by the evidence. It follows that the judgment in favor of the Skandia Plow Company must be reversed, while, as already indicated, the judgment in favor of Craver, Steele & Austin must be affirmed.

JUDGMENT ACCORDINGLY.